IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD C. YOUNG,

Petitioner,

v.                                                        No. 10-3247-SAC

DAVID MCKUNE, et al.,

Respondents.

MEMORANDUM AND ORDER

This case comes before the Court on two motions: 1) Petitioner's motion to appoint counsel to represent him on his section 2254 petition, which is pending; and 2) Petitioner's motion for an extension of time in which to file his traverse.

**Motion for appointment of counsel**

Under 28 U.S.C. § 1915(e)(1), a district court may, in its broad discretion, appoint counsel to an indigent party in a civil case. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Although Petitioner's habeas case is considered to be civil in nature, *see Fay v. Noia*, 372 U.S. 391, 423-424 (1963), prisoners have no constitutional right to counsel when mounting collateral attacks on their convictions. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Johnson v. Avery*, 393 U.S. 483, 488 (1969). The Court will seek volunteer counsel for a pro se plaintiff only if it finds that the following factors so warrant: (1) the merits of the litigant's claims, (2) the

nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir.1991).

The Court has read and has understood, although not yet decided, petitioner's habeas petition and his traverse. The record reflects that the issues before the court, although interesting, are neither factually nor legally complex. Plaintiff writes clearly, has presented the issues cogently, has demonstrated his ability to file motions, and has followed the Court's procedural rules. Therefore, regardless of the merits of plaintiff's claims, plaintiff has not shown that he lacks the capacity to present his claims to the Court. Accordingly, his motion for appointment of counsel shall be denied.

**Motion for extension of time**

On July 14th, 2011, Petitioner filed a motion for a thirty-day extension of time (Doc. 19) in which to file a traverse. The next day, without an order from the Court, Petitioner filed his traverse. (Doc. 20). The Court grants the motion for an extension of time, finding Petitioner's traverse to have been timely filed.

IT IS THEREFORE ORDERED that Petitioner's motion to appoint counsel (Doc. 5) is denied.

IT IS FURTHER ORDERED that Petitioner's motion for an extension of time (Doc. 19) is granted.

Dated this 20th day of September, 2011.


        s/ Sam A. Crow
        Sam A. Crow, U.S. District Senior Judge