IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD C. YOUNG,

        Petitioner,

vs.                      Case No. 10-3247-SAC

DAVID R. MCKUNE, WARDEN,
LANSING CORRECTIONAL FACILITY,
and DEREK SCHMIDT,
KANSAS ATTORNEY GENERAL,

        Respondents.

MEMORANDUM AND ORDER

This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate, proceeds pro se, so the court liberally construes his pleadings. *See Federal Exp. Corp. v. Holowecki, 552 U.S. 389, 402 (2008)*. Petitioner raises the following claims: 1) he was denied due process by the court's instructing the jury on felony murder, which was not charged in his information; he was denied his Sixth Amendment right to confrontation by the admission of an absent witness's preliminary hearing testimony; he was denied a fair trial by the trial court's erroneous designation that a witness was hostile; and he was denied his Sixth Amendment right to effective assistance of counsel.

**Procedural background**

Petitioner was tried by a jury and found guilty of one count of first degree felony murder in violation of K.S.A. § 21-3401, and one count of aggravated battery in violation of K.S.A. § 21-3414. He was sentenced to life imprisonment with the possibility of parole after serving twenty years.

On direct appeal, the Kansas Supreme Court affirmed Petitioner's conviction of murder, but reversed his aggravated battery conviction. *See State v. Young*, 277 Kan. 588 (2004). On remand, the district court dismissed that count with prejudice. Petitioner filed a motion for post-conviction relief under K.S.A. § 60-1507, which was denied. He appealed that denial, unsuccessfully. *See Young v. State*, 231 P.2d, 2010 WL 2502874 (June 18, 2010). After the Kansas Supreme Court denied review, Petitioner filed in this court for federal habeas corpus relief under 29 U.S.C. § 2254.

**Underlying facts**

This court must presume that the state court's factual findings are correct, absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Saiz v. Ortiz,* 392 F.3d 1166, 1175 (10th Cir. 2004), *cert. denied,* 545 U.S. 1146 (2005). Petitioner has not rebutted by clear and convincing evidence the factual findings which the Kansas Supreme Court set forth in its opinion. Accordingly, the Court incorporates its factual statement, which follows:

> The charges against Young arose out of a drug deal. Kevin Horn, the eventual murder victim, and Daina Frencher drove to pick Hickman

2

up at his home. When Hickman came outside, he spoke to Russell Waters on the sidewalk, and Waters handed Hickman crack cocaine. Hickman then got into the back seat of Horn's car without paying for the drugs, and Waters and Hickman began to argue.

Another man, later identified as Young, then approached the driver's side of the car to secure payment for the crack, and he and Horn argued. Young threatened Horn not to start the car, punched Horn in the face, and, when he saw Horn reach to turn the key in the ignition, said, "You better not drive off, I'll kill you."

Horn started the car despite the threat, and Young fired a shot into the car as Horn accelerated. Frencher jumped out while Young continued to fire four more times into the car. The car crashed into a house with Horn and Hickman still inside. Horn died. ...

Hickman identified Young as the shooter when interviewed at the scene and later picked Young out of a photo lineup. Frencher also identified Young as the shooter immediately after the murder but testified at trial that she was not able to see the shooter's face. She admitted at trial, however, that she had seen Young in the area before stopping to pick up Hickman, and she gave an accurate description of Young's clothing on the night of shooting. Young's defense was mistaken identity.

Hickman disappeared during Young's trial, although he was under subpoena to testify.

*State v. Young*, 277 Kan. 588, 591 (2004). Other facts shall be set forth in the discussion, as relevant.

## AEDPA standard

A federal court does not sit as a super state appellate court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It does not stand to correct errors of state law and is bound by a state court's interpretation of its own law. *Id.* Thus, this Court can grant relief only for a violation of federal law. *See Wilson v. Corcoran*, 562 U.S. __, 131 S.Ct. 13 (Nov. 8, 2010) (vacating and remanding because the lower court granted a writ of habeas corpus without finding that state prisoner's confinement violated federal law).

A petitioner's propositions of error, as raised by appellate counsel on direct appeal and adjudicated on the merits by the Kansas Supreme Court, are subject to review under the deferential standards of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996). *See Turrentine v. Mullin*, 390 F.3d 1181, 1188 (10th Cir. 2004), *cert. denied*, 545 U.S. 1106 (2005). Under AEDPA, this Court can grant federal habeas relief to an applicant only if he establishes that the state court "decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or ... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); *Hale v. Gibson*, 227 F.3d 1298, 1309 (10th Cir. 2000), *cert. denied*, 533 U.S. 957 (2001). AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Felkner* v. *Jackson*, 562 U. S. ___, ___ (2011) *(per curiam)* (slip op., at 4) (internal quotation marks omitted). "Under AEDPA, if the state-court decision was reasonable, it cannot be disturbed." *Hardy v. Cross*, 565 U.S. __, 2011 WL 6141312 at *4 (Dec. 12, 2011).

**Felony Murder Theory**

Petitioner first contends that the jury instruction and his subsequent conviction on felony-murder violated his Sixth Amendment right to be notified of the charges against him. The Sixth Amendment guarantees a criminal defendant a fundamental right to be clearly informed of the nature and cause of the charges in order to permit adequate preparation of a defense. *See Cole v. Arkansas*, 333 U.S. 196 (1948).

Petitioner was charged in the information with first degree premeditated murder, but was not charged with felony murder or its underlying felony – the sale of cocaine. Nonetheless, the trial court *sua sponte* instructed the jury on felony murder as an alternative to premeditated murder,[1] stating: "If you do not agree the defendant is guilty in count one of murder in the first degree – premeditated, you should then consider the lesser offense of murder in the first degree-felony murder." The instruction then properly stated the elements of felony murder, as well as the elements of the sale of cocaine. Petitioner did not object to the felony murder instruction, and the jury found Petitioner guilty of felony murder.

Petitioner also contends that the court's instruction on felony murder was a constructive amendment of the information, permitting the jury to

---

[1] The trial court erroneously referred to felony murder as a lesser included offense to premeditated murder. *See State v. Morton,* 277 Kan. 575 (2004) (finding premeditated and felony murder are not separate, distinct offenses but are two means by which the crime of first-degree murder may be committed.) That error is immaterial to this review, however.

convict him of a crime he was not charged with, in violation of due process.[2] The Kansas Supreme Court found that premeditated murder and felony murder are not distinct crimes but are alternative means of committing the crime of first-degree murder, and that the information was sufficient to notify Petitioner of that charge against him and to allow him to prepare a defense. *Young*, 277 Kan. at 594-97.

Petitioner relies on *Cole* in contending that any conviction based on a crime not included in the charging document is a violation of due process. Doc. 20 pg. 3. *Cole* is distinguishable, however, because there an appellate court affirmed a conviction on an offense which had not been presented to the jury. 333 U.S. at 200-01. Here, the crime of felony murder was presented to the jury without objection from defense counsel, and the jury found its elements proven.

*Cole* does confirm that due process requires fair "notice of the specific charge, and a chance to be heard." *Cole*, 333 U.S. at 201. Fair notice enables the defendant "to present his defense [without being] taken by surprise by the evidence offered at the trial." *Taylor v. Jones.* 291 Fed.Appx.

---

[2] A constructive amendment constitutes a violation of the Fifth Amendment right to presentment or indictment by a grand jury. U.S. CONST. amend. V; *Gautt v. Lewis,* 489 F.3d 993, 1003 n. 10 (9th Cir. 2007). But that Fifth Amendment right has not been incorporated into the Fourteenth Amendment so as to apply against the states. *Gautt,* 489 F.3d at 1003 n. 10. *See Branzburg v. Hayes,* 408 U.S. 665, 688 n. 25 (1972). The court will liberally construe petitioner's arguments as a claim that the State violated his due process right to fair notice of the charges against him.

902, 906 (10th Cir. 2008), *quoting Berger v. United States,* 295 U.S. 78, 82 (1935).

Respondent contends that the Tenth Circuit addressed this exact issue in *Hain v. Gibson*, 287 F.3d 1224 (2002). In *Hain*, the information charged the defendant with first-degree premeditated murder instead of felony murder, as here, but it also charged him with underlying felonies which would support a felony murder conviction, unlike here. Based on those charges, the court held that the information "reasonably placed [defendant] on notice that he could be convicted at trial of first-degree felony murder." *Hain*, 287 F.3d at 1232. The notice provided by Petitioner's information was considerably less than the notice provided by Mr. Hain's information.

In finding no error in instructing Petitioner's jury to consider a felony murder theory in the alternative to a premeditated murder theory, the Kansas Supreme Court relied primarily on *State v. Foy*, 224 Kan. 558 (1978). It stated *Foy's g*eneral rule as "a charge of premeditated murder will support a conviction of felony murder," and *Foy's* exception as " particularly misleading behavior by the prosecution." *Young*, 277 Kan. at 596.

 In *Foy*, as here, the information charged defendant with premeditated murder but not with felony murder or an underlying felony, yet the jury convicted the defendant of felony murder. *Foy* noted:

Our court has held an information in the ordinary form charging that a killing was done with malice aforethought, deliberation and premeditation is sufficient to sustain a conviction of murder in the first degree committed in the perpetration of a robbery or burglary. (*State   v.*

*Turner*, 193 Kan. 189, 392 P.2d 863 (1964).) Therefore, the fact        that felony murder was not charged in the information does not        preclude an instruction where evidence supports the instruction.

*Foy,* 224 Kan. at 566.[3]

*Foy* then analyzed whether the defendant lacked notice for his defense to the felony-murder theory, and found notice lacking because "during the trial the prosecuting attorney at the close of the state's case specifically and unequivocally advised the court the state was going to withdraw its request for an instruction on felony murder." 224 Kan. at 567. The defendant relied on that representation, presented his evidence and rested. But at the conclusion of the evidence, the prosecutor requested and received a jury instruction on felony murder, despite his earlier assurances to the contrary. Under those circumstances, *Foy* found prejudice to the defendant and reversed for a new trial.

The Kansas Supreme Court found Petitioner's case distinctively different from *Foy* because no prosecutorial sandbagging prejudiced Petitioner's presentation of his case. Instead, both sides anticipated that the State would rely on a felony-murder theory. The prosecutor noted the felony murder theory during plea negotiations immediately before trial and mentioned the possibility of a felony murder conviction during voir dire.

---

[3] This view is consistent with that of at least a plurality of the Supreme Court. *See Schad v. Arizona*, 501 U.S. 624, 649 (Scalia, J., concurring (rejecting the theory that the due process clause of the Fourteenth Amendment requires the subdivision of the crime of first-degree murder into premeditated murder and felony murder.)

Petitioner did not object to that statement. The court noted the felony murder theory to the parties after voir dire. The prosecutor presented evidence of Petitioner's involvement in the sale of cocaine - an inherently dangerous felony under Kansas law, s*ee* KSA 2003 Supp. 21-3436(14)- at the time of the murder. During closing argument the prosecutor urged the jury to find that the murder occurred during Petitioner's commission of the sale of cocaine. Petitioner did not object. Thereafter, the court proposed a jury instruction on felony murder based on the sale of cocaine. Again, Petitioner did not object. This court finds that the Kansas Supreme Court's conclusion that Petitioner had adequate notice of the State's felony murder theory was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Compare *Sheppard v. Rees*, 909 F.2d 1234 (9th Cir. 1990) (finding inadequate notice where prosecutor ambushed defendant by not introducing felony-murder theory until after both sides had rested and jury instruction conference had concluded.)

The Court further finds that the state court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law. The Supreme Court has never held that "the only constitutionally sufficient means of providing the notice required by the Sixth and Fourteenth Amendments is through the charging document." *Hartman v. Lee,* 283 F.3d 190, 195 (4th Cir. 2002). Instead, federal law confirms that

9

constitutionally adequate notice of an uncharged felony murder may be provided by means other than the charging document, such as by the presentation of evidence of the underlying felony, or by requesting instructions on that theory. *See e.g.*, *Morrison v. Estelle*, 981 F.2d 425 (9th Cir. 1992), *cert. denied*, 508 U.S. 920 (1993).

Because the charging instrument is not the exclusive means of providing a defendant notice of the charges against him, "Due Process requirements may be satisfied if a defendant receives *actual* notice of   the charges against him, even if the indictment or information is        deficient." (Citations omitted.)

*Ploof v. Ryan*, 2010 WL 5834801, 30 (D.Ariz. 2010). Because Petitioner had notice of the nature and cause of the accusation against him in a timely fashion which permitted him to defend against them, no Sixth Amendment violation has been shown.

**Confrontation Clause — admission of unavailable witness's preliminary hearing testimony**

Petitioner next raises a Confrontation Clause challenge, claiming that the trial court erred by permitting the State to present at trial the taped testimony of Rodney Hickman from Petitioner's preliminary hearing. Hickman, an eyewitness to the crime, gave sworn testimony at Petitioner's preliminary hearing, but did not appear for trial. The court declared Hickman

unavailable and allowed a tape of his testimony from the preliminary hearing to be played to the jury. This testimony incriminated the Petitioner.

In *Crawford v. Washington,* 541 U.S. 36, 53-54, 59 (2004),[4] the Supreme Court held that the Confrontation Clause of the Sixth Amendment bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had … a prior opportunity for cross-examination." Hickman's preliminary hearing testimony was "testimonial," *see Crawford*, 541 U.S. at 68, making it subject to this rule. The Kansas Supreme Court found that because the State showed that Hickman was unavailable and that Petitioner had a prior opportunity to cross-examine him at his preliminary hearing, admission of the taped evidence did not violate the Confrontation Clause.

Under federal law, the test for Sixth Amendment unavailability requires good-faith efforts by the State:

"[A] witness is not 'unavailable' for purposes of the … exception to the confrontation requirement unless the prosecutorial authorities        have made a *good-faith effort* to obtain his presence at trial."
*Barber v. Page*, 390 U.S. 719, 725 (1968). *See Ohio* v. *Roberts*, 448 U. S. 56 (1980); *Parker v. Jones*, 423 Fed.Appx. 824 (10th Cir. 2011). Petitioner contends that this test is not met. Under AEDPA, the issue is whether the

---

[4] The Court applies the legal standard established in *Crawford* in resolving Petitioner's confrontation claim because *Crawford* was decided in March of 2004, before Petitioner's direct appeal was decided in April of 2004. *See Griffith v. Kentucky,* 479 U.S. 314, 322-23 (1987).

state court's finding was reasonable that the prosecution made a diligent, good faith effort to secure the witness's presence at trial.

In reviewing this issue, the Kansas Supreme Court found the State had met its burden to show "that the witness cannot be produced at trial by the exercise of due diligence and good faith." 277 Kan. at 316. It noted the following facts which led the trial court to find Hickman unavailable. The investigator testified that he had served Hickman with a subpoena to testify and gave Hickman a ride to the courthouse on the day of trial. He told Hickman to wait in a room for his time to testify, but later discovered that Hickman had left the room and had not returned. He then drove to the place where be believed Hickman's girlfriend was living and called her residence, but could not find Hickman. The next day, the investigator called Hickman's residence and spoke to his father, who admitted Hickman was there. He then drove to Hickman's house, woke him up, told him he had to go to court, and waited for Hickman to get dressed. As the investigator escorted Hickman toward his car, Hickman ran away. Although the investigator pursued Hickman, he could not catch him.

Based on these undisputed facts, the Kansas Supreme Court's determination that Hickman was unavailable to testify at trial was reasonable. The "Sixth Amendment does not require the prosecution to exhaust every avenue of inquiry, no matter how unpromising," and the deferential standard of review set out in § 2254(d) "does not permit a

federal court to overturn a state court's decision on the question of unavailability merely because the federal court identifies additional steps that might have been taken." *Hardy*, 2011 WL 6141312 at *4.

The record also reflects that Petitioner's counsel had the opportunity to cross-examine Hickman's during his preliminary hearing testimony.  Under Kansas law, "[t]he defendant has the right to cross-examine witnesses called by the prosecution and introduce evidence on his behalf [at the preliminary examination]." *State v. Jones*, 233 Kan. 170, 173 (1983) (citation omitted). "[U]nder *Crawford*, a preliminary hearing affords sufficient opportunity for cross-examination." *O'Neal v. Province*, 415 Fed. Appx. 921 (10th Cir. 2011). *See Crawford*, 541 U.S. at 57, 68. No more is constitutionally required. *See Kentucky v. Stincer,* 482 U.S. 730, 739 (1987) (" '[T]he Confrontation Clause guarantees only "an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.") It is immaterial under the Confrontation Clause whether the cross-examination at the preliminary hearing "would have been conducted differently if it had been anticipated that the testimony would be introduced at the trial." *U.S. v. Hargrove*, 382 Fed.Appx. 765, 778-79 (10th Cir. 2010) (examining Kansas case).

Accordingly, finding Hickman to be unavailable and admitting his preliminary hearing testimony did not violate petitioner's right to confrontation. *See Parker*, 423 Fed.Appx. 824, 831-32 (10th Cir. 2011);

*Flournoy v. McKune*, 266 Fed.Appx. 753, 756-757, 2008 WL 467015 (10th Cir. 2008); *O'Neal v. Province*, 2010 WL 2231928, 5 (N.D.Okla. 2010). The Kansas Supreme Court's ruling on this matter was not contrary to, or an unreasonable application of clearly established federal law, but was consistent with established Supreme Court precedents holding that the Confrontation Clause of the Sixth Amendment is not violated by the admission of the prior testimony of an unavailable witness when the prosecution has made a good-faith effort to obtain the declarant's presence at trial, and the defense has had a prior opportunity for cross-examination.

**Confrontation Clause — admission of prior inconsistent statements of hostile witness**

Petitioner's second Confrontation Clause challenge arises from the admission of prior inconsistent statements of Petitioner's father, who was called by the State at trial and was declared a hostile witness. The sixth amendment's Confrontation Clause, extended to state prosecutions through the due process clause of the fourteenth amendment, *Pointer v. Texas,* 380 U.S. 400, 403 (1965), guarantees a defendant the right to confront hostile witnesses.

Under Kansas law, once a witness is declared hostile, "the witness may on direct examination be subjected to leading questions, see K.S.A. 60–243(b), and be examined regarding prior inconsistent statements, see K.S.A. 60–422." *State v. Young*, 277 Kan. 588, 601 (2004). Because

14

Petitioner's father was deemed to be a hostile witness, the State was able to question him about statements he had previously made to police, which statements incriminated the Petitioner. At trial, Petitioner's father asserted for the first time that Petitioner was at home at the time of the shooting, that he had not seen Waters with Petitioner on the evening of the crime, and that Petitioner had never confessed to him. In contrast, during his prior statements to police, Petitioner's father had said that Petitioner admitted his involvement in Horn's death, and that he had seen Petitioner in the company of Waters on the night of the crime. Petitioner contends that admission of his father's previous hearsay statements violated his right to confront the witness.

The statements made by Petitioner's father to the police were testimonial, bringing them within *Crawford's* potential application. *See Crawford,* 541 U.S. at 68. But *Crawford* reiterated that "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements …. The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." *Crawford,* 541 U.S. at 59 n. 9, citing *California v. Green,* 399 U.S. 149, 162 (1970) (finding the Confrontation Clause not violated by admitting a declarant's out-of-court statements, as long as the declarant testified and was subject to cross-examination). Further, prior statements admitted solely for the nonhearsay purpose of

impeachment raise no Confrontation Clause concerns. *Crawford* expressly stated that "the Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Id*.

Here, Petitioner's father appeared as a witness at trial, was asked about the crime and his prior statements about it, and answered the questions he was asked. The Kansas Supreme Court properly found that defense counsel had ample opportunity to fully examine Petitioner's father at trial regarding his earlier statements. Under these circumstances, finding Petitioner's father to be a hostile witness and admitting his prior inconsistent statements did not violate petitioner's right to confrontation, thus the Kansas Supreme Court's ruling on this matter was not contrary to, or an unreasonable application of clearly established federal law.

**Ineffective assistance of counsel**

Petitioner makes multiple claims of ineffective assistance of his counsel. Respondent contends that most of those claims are procedurally defaulted due to Petitioner's failure to raise them before the state appellate courts. In his post-conviction proceedings in state court brought pursuant to KSA 60-1507, Petitioner claimed that his trial counsel was ineffective for failing to object to the court's *sua sponte* instruction on felony murder, and for failing to challenge the constructive amendment of the information. Petitioner also claimed that his appellate counsel was ineffective for not challenging the constructive amendment of the information on direct appeal.

No other claims are properly preserved for federal habeas review. Petitioner's failure to raise claims on appeal defaulted them under state procedural rules. *See State v. Neer*, 247 Kan. 137, 141 (1990); *Coleman v. Thompson*, 501 U.S. 722, 732, 735 n. 1 (1991).

The doctrine of procedural default ensures that a criminal defendant gives the state courts a full and fair opportunity to address the defendant's constitutional claims before resort is had to federal court. Under this doctrine, claims that are defaulted in state court will not be considered by a habeas court unless the applicant can demonstrate cause and prejudice or a fundamental miscarriage of justice. *Fairchild v. Workman,* 579 F.3d 1134, 1141 (10th Cir. 2009). *See Coleman,* 501 U.S. at 750. To show cause for the default, the petitioner must demonstrate "that some objective factor external to the defense impeded counsel's efforts to comply with the State procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. *Id.; McCleskey v. Zant,* 499 U.S. 467, 493–94 (1991); *Maes v. Thomas,* 46 F.3d 979, 987 (10th Cir.), *cert. denied,* 514 U.S. 1115 (1995). No such factors have been shown here.

Nor has Petitioner demonstrated that he qualifies for review under the fundamental miscarriage of justice exception. *Herrera v. Collins,* 506 U.S. 390, 403–404 (1993); *Sawyer v. Whitley,* 505 U.S. 333, 339–341 (1992). To avoid procedural default by virtue of this "very narrow exception," *Klein*

*v. Neal,* 45 F.3d 1395, 1400 (10th Cir.1995), petitioner must supplement his constitutional claim with a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986); *Batrez Gradiz v. Gonzales*, 490 F.3d 1206, 1209 (10th Cir. 2007). Petitioner has not referred to any new evidence or omissions in the record which indicate a significant probability that he was actually innocent, or otherwise made a colorable claim of actual innocence. Accordingly, the Court reviews only those claims of ineffective assistance of counsel raised by Petitioner in the state courts, all of which pertain to the felony murder instruction.

**Trial counsel**

The two-prong *Strickland* test governs Petitioner's claims that his trial and counsel was ineffective in failing to object to the felony-murder instruction and to challenge the constructive amendment of the information. To obtain habeas relief, a petitioner must establish that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Le v. Mullin,* 311 F.3d 1002, 1024-25 (10th Cir. 2002), *cert. denied,* 540 U.S. 833 (2003). In evaluating counsel's performance, the court must apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." *Strickland,* 466 U.S. at 689; *Boyd v. Ward,* 179 F.3d 904, 914 (10th Cir. 1999), *cert. denied,* 528 U.S. 1167 (2000). "For counsel's performance to be constitutionally ineffective, it

must have been completely unreasonable, not merely wrong." *Strickland,* 466 U.S. at 689.

Here, had counsel objected during trial to the prosecutor's statements about the felony-murder theory or to the jury instruction about that theory, those challenges would have been denied. Counsel cannot be found ineffective for failing to raise meritless claims. *See Strickland,* 466 U.S. at 691–96 (no ineffective assistance of counsel absent a showing of reasonable probability that outcome would have been different); *Martin v. Kaiser,* 907 F.2d 931, 936 (10th Cir. 1990) (failure to raise meritless argument cannot constitute ineffective assistance of counsel). Trial counsel's assistance was thus not deficient.

### Appellate counsel

Petitioner contends that his appellate counsel was ineffective for failing to raise the challenge to the constructive amendment on direct appeal. Doc., 1, p. 8-10. But the record reflects that Petitioner's counsel did raise this issue on direct appeal, arguing that the trial court erred in providing the felony murder jury instruction, which constituted a constructive amendment to the information. *Young*, 277 Kan. at 593-97. Petitioner's claim of ineffective assistance thus lacks merit.

### Evidentiary hearing

The court determines that an evidentiary hearing is not required in this case. "[A]n evidentiary hearing is unnecessary if the claim can be resolved

19

on the record." *Anderson v. Attorney Gen. of Kansas,* 425 F.3d 853, 859 (10th Cir. 2005); *see Schriro v. Landrigan,* 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."). The court finds that the record in this case refutes Petitioner's allegations and otherwise precludes habeas relief.

**Certificate of appealability**

Rule 11 of the Rules Governing Section 2254 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, a petitioner makes that showing by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). *See United States v. Bedford,* 628 F.3d 1232 (10th Cir. 2010).

When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. Neither of these standards is met here. For the reasons stated above, Petitioner has not made a substantial showing of the denial of a constitutional right. The court therefore denies a certificate of appealability.

IT IS THEREFORE ORDERED that the petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 is denied.

Dated this 30th day of December, 2011 at Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge